FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION            2022 DEC -9  AM 9: 53

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                               Case No. 6:22-cv 2285-RBD-DCI

$2,462,000 SEIZED FROM CITIBANK
ACCOUNT #9117777263, HELD IN THE
NAME OF B.A.G.S. GAMING, LLC,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff, the United States, brings this complaint and alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule G(2), approximately $2,462,000 seized from Citibank Account #9117777263, held in the name of B.A.G.S. Gaming, LLC (Defendant Funds) on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343. Thus, the Defendant Funds are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to 28 U.S.C. § 1355(b)(1)(A), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1355(b)(1), because pertinent facts or omissions giving rise to the forfeiture occurred in this District.

5. Because the Defendant Funds are in the government's possession, custody, and control, the United States requests that the Clerk of Court issue an arrest warrant *in rem*, upon the filing of the complaint, pursuant to Supplemental Rule G(3)(b)(ii). The United States will then execute the warrant on the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## THE DEFENDANT *IN REM*

6. The Defendant Funds consist of approximately $2,462,000.00 from Citibank Account #9117777263 held in the name of B.A.G.S. Gaming, LLC. The funds were seized by the United States Secret Service on or about August 26, 2022 pursuant to a Federal seizure warrant after a finding of probable cause that the funds constituted proceeds of wire fraud offenses.

7. As set as set forth in Supplemental Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

8. The Court's authority to order forfeiture of the proceeds of violations of 18 U.S.C. § 1343 (wire fraud) is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, § 1961(1) includes violations of 18 U.S.C. § 1343.

9. As required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Funds are proceeds of wire fraud offenses.

## FACTS

### A. The Fraud

10. On or about April 25, 2022, Company 1 ("C1"), which is headquartered in Hong Kong and sells comprehensive lead frame products and material solutions to the semiconductor packaging industry, received an email requesting a change of

3

payment information from what it believed to be its business partner, Company 2 ("C2"). C2 is a heavy equipment manufacturer headquartered in Korea from which C1 regularly purchases lead frame equipment. The email came from what appeared to be C2's true email address, and stated that C2 was unable to accept payment into their regular account due to a "fiscal year update," and instead, asked C1 to make future payments to the Subject Account. This email was a fraudulent communication intended to mislead C1 into unwittingly transferring funds to a criminal entity, rather than C2.

11. On April 29, 2022, an employee for C1 requested that C2 provide additional documentation related to the change in bank accounts. The same day, in response to this email, C2 informed C1 employees that C2 had not requested to change the bank account from Industrial Bank of Korea to the Subject Account, and that an invoice C2 previously provided to C1 had been fraudulently altered, to include the Subject Account information. However, the notification from C2 was not forwarded to the accounting department at C1 with enough time to stop the transfer. Therefore, on or about April 30, 2022, C1 wired $2,462,000.00 from its HSBC Hong Kong Account to the Subject Account at Citibank. Citibank's wires are processed by servers located in either Georgetown, Texas, or Delaware, Ohio. As a result, both the email received by C1 and the wire transfer traveled through interstate commerce.

12. On May 3, 2022, C2 emailed C1, again reminding C1 that it did not request to change their bank account and informed C1 that they had noticed unusual activity in their email accounts. C2 further requested payment be sent to their

original bank account at Industrial Bank of Korea. Finally, C2 requested that C1 forward it any unusual emails C1 had recently received from C2.

13. C1 then reported the fraud to HSBC Hong Kong. HSBC Hong Kong issued a wire recall to Citibank. Consequently, Citibank froze the $2,462,000.00 that was fraudulently transferred into the Subject Account.

**B.     Subsequent Investigation by the USSS**

14. As reflected in Citibank Records, S.T. is the sole signor on the Subject Account and resides in Orlando, Florida.

15. S.T. confirmed to a Secret Service Special Agent that he is the sole signor on the Subject Account.

16. S.T. stated that he currently codes applications and builds bitcoin mining rigs as his primary means of employment. In or about January 2022 he attended a Bitcoin conference. While there, he was approached by a group of attendees to assist in the establishment of an Orlando-based Bitcoin mining farm. S.T. told the individuals that he would be interested in contracting his services to them, and provided them with his banking information for payment in order to begin constructing the hardware necessary for a mining operation. S.T. stated that he communicated with the group primarily through the WeChat messaging application.

17. Thereafter, on April 30, 2022, S.T. received the wire from C1 into his account.

18.  S.T. stated that he was contacted by Citibank, which informed him that the funds were being frozen due to fraud. S.T. then contacted his business partners, who denied any fraud related activity.

19.  S.T. has never done business with C1 or C2, and was not the intended beneficiary of the funds. Therefore, he does not believe that the money is rightfully his.

## CONCLUSION

20.  As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds are proceeds of wire fraud offenses, obtained in violation of 18 U.S.C. § 1343 and are, therefore, subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

Dated: December 9, 2022

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: *[signature]* For
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
EMail:Jennifer.Harrington2@usdoj.gov

## VERIFICATION

I, Brian Crowley, hereby verify and declare under penalty of perjury, that I am a Special Agent with the United States Secret Service, and pursuant to 28 U.S.C. § 1746: (1) I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof; and (2) that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States Secret Service, as well as my investigation of this case together with other law enforcement agents. I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 day of December, 2022.

Brian Crowley
Special Agent
United States Secret Service